OPINION
{¶ 1} Defendant-appellant Earl Bernard Johnson appeals his conviction and sentence entered by the Canton Municipal Court on one count of domestic violence, in violation of R.C. 2919.25, following a bench trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On November 15, 2003, appellant was arrested and charged with one count of domestic violence, a fourth degree misdemeanor. Appellant entered a plea of not guilty to the charge at his arraignment on November 17, 2003. The trial court scheduled a bench trial for January 28, 2004. The following evidence was adduced at trial.
 {¶ 3} Deputy Cliff Hall of the Stark County Sheriff's Department testified on November 15, 2003, at approximately 7:30 p.m., he and Deputy Wedman, who was in a separate cruiser, responded to a disturbance call in the area of 3969 Convenience Circle, Plain Township, Stark County, Ohio. When the deputies arrived at the scene, they found appellant and Joy Hopson, his live-in girlfriend, talking. Deputy Wedman spoke with appellant while Deputy Hall spoke with Hopson. Hall described Hopson as upset and distraught. She was talking fast and crying. Hopson told Deputy Hall she and appellant were traveling southbound on Interstate 77 when they began arguing. Appellant, who was driving, exited the highway and pulled into a parking lot where the couple continued to argue. Appellant exited the vehicle, walked to the passenger's side, opened the door, and drew back his fist as if he was going to hit her. Hopson told Deputy Hall appellant did not hit her, but she was not sure what his intentions were at the time. Hopson appeared to be in fear for her safety. She was physically upset, crying and having trouble breathing. Deputy Hall, whose cruiser was equipped with a mobile vision recording device, recorded the conversation he had with Hopson. The tape was played for the trial court.
 {¶ 4} Deputy Douglas Wedman testified after he and Deputy Hall separated appellant and Hopson, he (Wedman) spoke with appellant. Appellant told the deputy he and Hopson had an argument and that was the extent of it. Appellant denied any violence or threat of violence toward Hopson. Appellant explained he was flailing his arms during the argument, but did not pull back his fist to strike Hopson. On cross-examination, Deputy Wedman stated, when the deputies arrived at the scene, appellant and Hopson "were standing there talking in a civil manner". Tr. at 22. The deputy acknowledged he and Deputy Hall were not sure appellant and Hopson were the people for whom they were looking.
 {¶ 5} Appellant spoke on his own behalf. He explained he and Hopson had been looking at car parts, and began arguing about money. It was a rainy night and the highway was slippery. According to appellant, Hopson was screaming and hollering, so he decided to exit the highway in order to for the couple to get something to eat and talk. Hopson jumped out of the car, and dropped her keys. Appellant exited the vehicle, and walked to the passenger's side to talk with her. Hopson screamed at appellant to return her keys. Appellant yelled at her to calm down and return to the car. Hopson continued to scream and holler, declaring she would not get in the car with appellant. After Hopson began to run off, appellant gave the keys back to her. The couple was talking when the deputies arrived.
 {¶ 6} The trial court found appellant guilty and sentenced him to thirty days in jail, with all but one day suspended. The trial court placed appellant on two years direct probation and ordered him to attend the Intercede Program or an equivalent program in Akron for treatment. The trial court memorialized the conviction and sentence via Judgment Entry filed January 29, 2004.
 {¶ 7} It is from this conviction and sentence appellant appeals, raising as his sole assignment of error:
 {¶ 8} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ISSUED A FINAL JUDGMENT ENTRY FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WHEN THE CITY OF CANTON FAILED TO PROVE EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT."
 I {¶ 9} Herein, appellant raises sufficiency and manifest weight of the evidence claims.
 {¶ 10} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 11} When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
 {¶ 12} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus.
 {¶ 13} Appellant was convicted of one count of domestic violence, in violation of R.C. 2919.25(C), which provides: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
 {¶ 14} Appellant argues the State failed to establish appellant caused Hopson to believe he would cause her imminent harm. In support of his position, appellant cites the direct testimony of Deputy Hall, who testified when he arrived at the scene, appellant and Hopson were talking. Likewise, Deputy Wedman testified appellant and Hopson were standing in the parking lot, talking in a civilized manner, when the deputies arrived. Additionally, appellant notes Hopson refused to sign a written statement, and did not appear at trial, but rather signed a letter at the courthouse which claimed the statements she made to the police were not true. In the recording from the in-cruiser system, Hopson never states she was scared of appellant or feared he would harm her, but only stated she was sure not what his intentions were. Appellant concludes this evidence did not support the trial court's finding him guilty of domestic violence.
 {¶ 15} Appellant further argues the tape Hopson gave to the police was not an excited utterance. Appellant did not separately assign this as error; therefore, we shall not consider the argument.
 {¶ 16} We have reviewed the videotape of Hopson's conversation with Deputy Hall. Hopson's voice is shaky, and she is clearly upset and distraught. Hopson described the incident to Deputy Hall, stating when she exited the vehicle, appellant ran after her, and tried to pull her back into the car. She screamed for help. Hopson recalled appellant choked her and pulled back his fist as if he was going to hit her. She stated she did not know what he would do. We find this evidence is sufficient to support a finding Hopson believed appellant would cause her imminent physical harm.
 {¶ 17} Based upon the testimony presented, and appellant's own admissions, we find the trial court's decision was not against the manifest weight of the evidence.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} The judgment of the Canton Municipal Court is affirmed.
Hoffman, J. Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed. Costs assessed to appellant.